UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA ZABOLOTSKY,

                Plaintiff,

       -against-

EXPERIAN,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/20

19-cv-11832-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On December 4, 2020, Plaintiff emailed the Court *ex parte*—that is, without copying opposing counsel. The Court generally does not accept *ex parte* communications or correspondence via email. Therefore, the Court anticipates posting Plaintiff's email to the docket in this case, unless the Court grants a motion to seal that communication.[1] Parties who wish to seal documents must follow the procedures described in Rule 4(A)(ii) of the Court's Individual Rules of Practice in Civil Cases, available at

https://www.nysd.uscourts.gov/sites/default/files/practice_documents/GHW%20Woods%20Civil%20Practice%20Rules%20November%2012%2C%202020%20Web.pdf.

If Plaintiff wishes to submit an application to seal her December 4, 2020 *ex parte* email, she may do so. While Plaintiff may submit a motion to seal, there is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). Therefore, the Court will "carefully and skeptically" review any motion to seal to ensure there really is an "extraordinary circumstance or compelling need" to seal

---

[1] Rule 2(D) of the Court's Individual Rules of Practice in Civil *Pro Se* Cases provides that "[a]bsent a request to file a communication with the Court under seal, the Court will docket any substantive communication with the Court on ECF, a publicly accessible database." The Court's Individual Rules of Practice in Civil *Pro Se* Cases were attached to the order setting the initial pretrial conference in this case. Dkt. No. 7.

the document.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  The Court may seal a document only if it makes a specific, on the record finding that sealing is essential.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation omitted).  Any motion to seal must be submitted by December 18, 2020.  Plaintiff's motion, if any, should follow the Court's Individual Rules and address the high bar for sealing judicial documents.

      SO ORDERED.

Dated:  December 9, 2020

                                               GREGORY H. WOODS
                                               United States District Judge