## Motion to seal 1:19-cv-11832-GHW

Mr. Gregory H. Woods,

Must of been my naivete your honor- I had no idea that writing a private email under any circumstance would be under threat of being made public.  Especially since I was NOT communicating exparte to begin with- that is exactly what I was advised by opposing counsel during a discussion about this.  Also, to my understanding- there were no remaining defendents left on the case;  the case was already settled at this point.  Furthermore, I dont believe communication was xparte because it has been thoroughly discussed numerous times with counsel for final defendent over the course of a few months where after bringing it to her attention-she empathized with me over what transpired and even helped brainstorm on ways to fix issue- corresponding by phone and email about it, she volunteered and we called chambers together on several occasions to conference regarding this to no avail. That is when I finally decided to make you aware of it in writing since we had a public hearing coming up that I didnt feel comfortble speaking  @ freely. As stated earlier, when I began to read the typed letter a loud to that same opposing council over the phone before sending, (after we already signed a settlment agreement) she interrupted me to edit out the language in said email and told me to OMIT the part in the letter where I wrote about this not being exparte communication because according to her "that part wasn't neccessary since every judge has their own rules about communication with chambers" so I took it out smh) only reason why I reached out to chambers in the first place in a private manner is cause I wanted to keep a low profile to not be on so & so's radar as to not trigger any further action for fear of retaliatory behaviour by way of unwarranted reputational injury or worse G-d forbid. That is why not keeping this matter private could be detrimental and perpetuate the very thing that I brought to your attention in the first place. My personal information name phone # financial info is also on that email  The document is doxing and defamatory in nature as you already know.

\*\*\*Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute. 2 Collier on Bankruptcy ¶ 107.01, at 107-2 (15th ed. 1993). In limited circumstances, courts must deny access to judicial documents—generally where open inspection may be used as a vehicle for improper purposes. See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal through publication of disgusting details of a divorce), and Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing)).

I never in a million years thought that something I sent in confidentiality would be at risk in this way- its pretty scary.  The email isnt even pertinent to the case itself your honor- plus the case is closed and there are no defendents. The nature of the document has no relevence to the proceeding..the communication had nothing to do with my summons and complaint. Your honor its not even considered a judicial document at this point \*\*\*Regardless of whether the Newspapers were relying on a right of access under the common law or under the First Amendment, wrote the magistrate judge, such a right only attaches to "judicial documents." Id. at \* 1. Quoting this Court's statements in United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (" Amodeo I") that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document" and instead that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document,"

Since the case had no traction and all matters were resolved outside of court, I didnt think that there would be an issue in bringing this to your attention and making my intitial request- now however, I see how high the bar is set for somethig like that..so, especially since I didnt even

"file" the letter according to law and protocol as a proper motion can't you just please disregard it (if you are unable to grant itanyway) It is irrelevent to and has no bearing on the case (I would withdraw it just to keep this at bay but it wasnt even filed correctly to do so not even sure if that makes any sense).

I might not be using the proper judicial language and or have the right citings as referencs...ultimately what I am trying to convey your honor is that I ask you to please not file this to the docket for it was never intended for that purpose. It isnt neccessary and can be extremely harmful. I tried to argue this to the best of my ability.  Please find it in your judicial heart with the right laws and authority to justify keeping my email private for all the reasons I explained here and prior. Thank you very much your for your consideration and the opportunity to salvage this.

Julia Zabolotsky