UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA ZABOLOTSKY,

                Plaintiff,

-against-

EXPERIAN,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/21

19-cv-11832-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On December 4, 2020, Plaintiff emailed the Court requesting that this case be sealed. The email was not styled as a motion, but the Court construes the submission as a motion to seal because "[t]he submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Plaintiff also complained of a press article about her case that she asserts is misleading and improperly paints her as having mental health issues.

On December 9, 2020, the Court informed Plaintiff that "the Court anticipate[d] posting Plaintiff's email to the docket in this case, unless the Court grants a motion to seal that communication." Dkt. No. 46. On December 30, 2020, Plaintiff filed a motion to seal her email correspondence. Dkt. No. 51. While the Court understands Plaintiff's privacy concerns, Plaintiff has not overcome the strong presumption of public access to judicial documents. As a result, Plaintiff's motions to seal this case and her email correspondence are DENIED and Plaintiff's email will be docketed.

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the

performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 141 (2d Cir. 2016) (requiring that a court make specific, rigorous findings before sealing a document or otherwise denying public access). Higher values that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS)(MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted).  Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *Amodeo II*, 71 F.3d at 1049).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Plaintiff has failed to meet the burden of proof required for this case to be sealed.  Step one of the Circuit's test is easily satisfied:  sealing the entire case would result in sealing numerous judicial documents that are both "relevant to the performance of the judicial function and useful in the judicial process[.]"  *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995).  Plaintiff notes that she and the last remaining defendant have settled this case, but that does not mean those documents are no longer judicial documents.  *See Bernstein*, 814 F.3d at 140 ("[P]leadings—even in settled cases—are Judicial records subject to a presumption of public access.").

With respect to step two, the presumption of public access to the information Plaintiff seeks to shield from the public has extraordinarily substantial weight.  Plaintiff seeks to hide the entirety of the case from the public eye.  This is at the core of the judicial function.  *Cf. Amodeo II*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public

3

access absent a countervailing reason."). As stated above "[t]he weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Amodeo II*, 71 F.3d at 1049). The public cannot evaluate a case that is sealed in its entirety—so the weight accorded to these documents very high. *See Doe v. Berg*, No. 15-cv-9787 (RJS), 2016 WL 11597923, at *1–2 (S.D.N.Y. Feb. 10, 2016) ("A Court may only permit the sealing of an entire case file as a last resort.") (citation and quotation omitted). The need for the public to be able to evaluate a case does not dissipate once the case is over.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure. Plaintiff argues that the case should be sealed "for the sake of [her] livelihood and professional and personal reputation." However, the only aspect of this case that she argues has an adverse effect on her is financial information filed in connection with her application to proceed *in forma pauperis*. She argues that this information is "not relevant and embarrassing enough as is." But "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." *United States v. Martoma*, No. 12-cr-973 (PGG), 2014 WL 164181, at *5 (S.D.N.Y. Jan. 9, 2014). Moreover, "[i]t is well-settled that neither 'generalized concerns of adverse publicity' nor the 'possibility of future adverse impact on employment' outweigh" the presumption of public access. *Lumiere v. United States*, No. 16-cr-483 (JSR), 2019 WL 6338175, at *2 (S.D.N.Y. Nov. 27, 2019) (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018)) (alterations omitted). Thus, while the Court understands Plaintiff's desire to seal this case, the justifications provided by Plaintiff are insufficient to overcome the presumption of public access.

Plaintiff also has not made a showing sufficient to seal her email correspondence requesting that the case be sealed. Plaintiff's email requesting relief from the Court was a judicial document

because it was "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145.  And the weight accorded to the presumption of access to Plaintiff's email is high because it was a motion seeking relief from the Court.  *See Amodeo II*, 71 F.3d ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.  Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, and stand on a different footing than a motion filed by a party seeking action by the court . . . .") (internal citations and quotation marks omitted).

      Plaintiff has not demonstrated that countervailing interests outweigh the heavy presumption that attaches to her motion to seal.  In her motion to seal the email, Plaintiff stated that she wanted to keep the email private for fear of retaliation by the author of the article "by way of unwarranted reputational injury or worse G-d forbid."  Dkt. No. 51 at 1.  But again, "concerns of adverse publicity" or the "possibility of future adverse impact on employment" do not outweigh the presumption of public access.  *Lumiere*, 2019 WL 6338175, at *2.  And Plaintiff has not provided any facts on which the Court can conclude that she may suffer the worse consequences about which she is worried.  Plaintiff also expressed concern that her email address and phone number will be revealed if the email is publicly posted.  However, that information is already publicly available on the docket, so posting it again will not reveal any more information than is already available to the public.  Therefore, while the Court understands that Plaintiff would prefer not to have the email posted, none of the confidentiality concerns set forth in her letter are sufficient to overcome the presumption of public access to judicial documents.

      The Court understands Plaintiff's point that she did not intend to communicate with the Court *ex parte*.  The Court appreciates her clarification.  However, the Court bases its decision to not

5

seal Plaintiff's email correspondence on the presumption of public access to judicial documents, not the fact that Plaintiff sent the email to the Court *ex parte*. The Court also understands that Plaintiff did not contemplate the possibility that her email would be posted on the public docket. But for precisely that reason, Rule 2(D) of the Court's Individual Rules of Practice in Civil *Pro Se* Cases provides that "[a]bsent a request to file a communication with the Court under seal, the Court will docket any substantive communication with the Court on ECF, a publicly accessible database." The Court's Individual Rules of Practice in Civil *Pro Se* Cases were attached to the order setting the initial pretrial conference in this case. Dkt. No. 7.

For these reasons, Plaintiff's email motion to seal this case and her motion to seal her email correspondence with the Court are DENIED. The Court will post Plaintiff's email to the docket.[1]

SO ORDERED.

Dated: January 11, 2021

_____
GREGORY H. WOODS
United States District Judge

---

[1] The Court notes that posting the email to the docket may help mitigate Plaintiff's concerns about the misleading nature of the article by putting on the public record her disagreement with the article's characterization of the proceedings.